UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

Jeremy C.,[1]

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

6:20-cv-1665-JR

OPINION AND ORDER

Russo, Magistrate Judge:

Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits and supplemental security income. For the reasons stated below, the Commissioner's decision is reversed and remanded for further proceedings.

---

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this Order uses the same designation for a non-governmental party's immediate family member.

Plaintiff asserts disability beginning December 6, 2017 for purposes of his disability insurance application, and March 8, 2018 for purposes of his supplemental security income application,[2] due to irritable bowel syndrome, attention deficit hyperactivity disorder, history of heart attack, and placement of a stent in his heart. Tr. 230, 237, 256.  After a hearing held on August 23, 2019, an Administrative Law Judge (ALJ) determined plaintiff was not disabled. Tr. 29, 13-24.  Plaintiff contends the ALJ erred by finding there are a significant number of jobs in the national economy plaintiff is capable of performing.

The ALJ, based on vocational expert testimony, determined plaintiff is:

> able to perform the requirements of representative light, unskilled (SVP 2) occupations such as document preparer (DOT 249.587-018), with approximately 44,000 jobs; addresser (DOT 209.587-010), with approximately 8,500 jobs in the national economy; and semiconductor bonder (DOT 726.685-066), with approximately 4,000 jobs in the national economy.

Tr. 23.

The Commissioner concedes the ALJ erred in finding plaintiff could work as a document preparer but contends the remaining 12,500 jobs is significant to demonstrate plaintiff can perform other work existing in significant numbers in the national economy as required by step five of the sequential evaluation process. See 20 C.F.R. § 404.1520(g); Bowen v. Yuckert, 482 U.S. 137, 141-42 (1987).  The Administration bears this burden at step five of the evaluation process. Thomas v. Barnhart, 278 F.3d 947, 955 (9th Cir. 2002).

The Ninth Circuit has not stated an exact number that will suffice to satisfy the Commissioner's burden, but has stated:

> Under our current case law, the ALJ's finding that 25,000 national jobs is sufficient presents **a close call**. See Moncada, 60 F.3d at 524 (64,000 nationwide jobs significant); Thomas, 278 F.3d at 960 (622,000 nationwide jobs significant); Moore v. Apfel, 216 F.3d 864, 869 (9th Cir.2000) (125,000 nationwide jobs significant); see also Beltran, 700 F.3d at 390 (1,680 nationwide jobs insignificant).

---

[2] The ALJ adjusted the alleged onset date to June 30, 2017, plaintiff's date last insured.  Tr. 13.

> Nevertheless, while these decisions involved higher numbers of nationwide jobs, none precluded the possibility that 25,000 jobs constitutes a significant number. **And one other circuit court has found fewer than 25,000 national jobs to be significant**. See Johnson, 108 F.3d at 180 (**10,000 national jobs significant**).

Gutierrez v. Comm'r of Soc. Sec., 740 F.3d 519, 529 (9th Cir. 2014) (emphasis added).

Based on this reasoning, it is not clear that the Ninth Circuit would accept 12,500 or 10,000 as a significant number of jobs existing in the national economy. Another judge on this Court has determined that 11,000 jobs is insufficient after considering Gutierrez. See Watkins v. Comm'r Soc. Sec. Admin., 2016 WL 4445467, at *7 (D. Or. Aug. 22, 2016) (11,000 "order caller" jobs in the national economy does not represent a significant number). Because the Gutierrez Court found 25,000 to be a close call, I find that 12,500 is insufficient to meet the Commissioner's burden in this case. Moreover, the ALJ herself did not make such a finding, she only concluded that 69,000 is a sufficient number. Accordingly, a remand is necessary for the ALJ to consider whether there are other jobs available that may serve to meet the Administration's burden at step five of the evaluation process. Upon remand, the ALJ should also consider plaintiff's evidence suggesting that there are, in fact, only 6349 positions for the addressor position and seven for the semiconductor bonder position.

## CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is reversed and remanded for further proceedings. The Clerk is instructed to enter a judgment accordingly.

DATED this 1st day of November, 2021.

/s/ Jolie A. Russo
JOLIE A. RUSSO
United States Magistrate Judge