IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEREMY C.,[1]

        Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

        Defendant.

Case No. 6:20-cv-1665-JR

OPINION & ORDER

RUSSO, Magistrate Judge:

    Plaintiff sought judicial review of the Commissioner of Social Security's denial of plaintiff's application for disability and supplemental security income benefits pursuant to the Social Security Act. Plaintiff asserted the ALJ erred by finding there are a significant number of jobs in the national economy plaintiff is capable of performing including document preparer (DOT 249.587-018), with approximately 44,000 jobs; addresser (DOT 209.587-010), with approximately 8,500 jobs; and semiconductor bonder (DOT 726.685-066), with approximately 4,000 jobs. The Commissioner conceded that the ALJ erred in finding plaintiff could work as a document preparer but contends the remaining 12,500 jobs are sufficient to demonstrate plaintiff can perform other

---

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party in this case.

Page 1 – OPINION & ORDER

work existing in significant numbers in the national economy. In remanding the case for further proceedings, the Court reasoned:

> The Ninth Circuit has not stated an exact number that will suffice to satisfy the Commissioner's burden, but has stated:
>> Under our current case law, the ALJ's finding that 25,000 national jobs is sufficient presents **a close call**. See Moncada, 60 F.3d at 524 (64,000 nationwide jobs significant); Thomas, 278 F.3d at 960 (622,000 nationwide jobs significant); Moore v. Apfel, 216 F.3d 864, 869 (9th Cir.2000) (125,000 nationwide jobs significant); see also Beltran, 700 F.3d at 390 (1,680 nationwide jobs insignificant). Nevertheless, while these decisions involved higher numbers of nationwide jobs, none precluded the possibility that 25,000 jobs constitutes a significant number. **And one other circuit court has found fewer than 25,000 national jobs to be significant.** See Johnson, 108 F.3d at 180 (**10,000 national jobs significant**).
>
> Gutierrez v. Comm'r of Soc. Sec., 740 F.3d 519, 529 (9th Cir. 2014) (emphasis added).
>
> Based on this reasoning, it is not clear that the Ninth Circuit would accept 12,500 or 10,000 as a significant number of jobs existing in the national economy. Another judge on this Court has determined that 11,000 jobs is insufficient after considering Gutierrez. See Watkins v. Comm'r Soc. Sec. Admin., 2016 WL 4445467, at *7 (D. Or. Aug. 22, 2016) (11,000 "order caller" jobs in the national economy does not represent a significant number). Because the Gutierrez Court found 25,000 to be a close call, I find that 12,500 is insufficient to meet the Commissioner's burden in this case. Moreover, the ALJ herself did not make such a finding, she only concluded that 69,000 is a sufficient number. Accordingly, a remand is necessary for the ALJ to consider whether there are other jobs available that may serve to meet the Administration's burden at step five of the evaluation process. Upon remand, the ALJ should also consider plaintiff's evidence suggesting that there are, in fact, only 6,349 positions for the addresser position and seven for the semiconductor bonder position.

Opinion & Order (ECF 20) at pp. 2-3.

Plaintiff now moves for an award of attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The Government argues the motion should be denied because its position was substantially justified in light of the fact that a published Eighth Circuit case found 10,000 jobs to be significant. Indeed, another Judge of this Court remanded for further proceedings finding that 13,796 national jobs are not significant but found the Commissioner's position was

substantially justified. Order dated November 29, 2021, Michael Wayne C. v. Saul, Case No. 6:20-cv-814-MO.

Under the EAJA, the court "shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... unless [the court] finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); Meier v. Colvin, 727 F.3d 867, 870 (9th Cir.2013). "It is the government's burden to show that its position was substantially justified." Meier, 727 F.3d at 870 (citing Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir.2001)). Substantial justification means "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). "Put differently, the government's position must have a 'reasonable basis both in law and fact.'" Meier, 727 F.3d at 870 (quoting Pierce, 487 U.S. at 565).

The EAJA establishes a two-part test for determining whether an award of attorney fees is appropriate. First, this Court must ascertain whether plaintiff is a prevailing party. See, e.g., Flores v. Shalala, 49 F.3d 562, 567 (9th Cir.1995). Second, this Court must determine whether the government was substantially justified in its position in the underlying agency action and litigation. Meier, at 870. Because neither party contests that plaintiff is a prevailing party, plaintiff's entitlement to attorney fees hinges on whether the Commissioner's position was substantially justified in the underlying agency action and throughout litigation. It is an unusual case where the government's position is substantially justified under the EAJA despite reversal of the government's decision as lacking reasonable, substantial, and probative evidence. Thangaraja v. Gonzales, 428 F.3d 870, 874 (9th Cir. 2005).

Page 3 – OPINION & ORDER

While it may be that reasonable minds could differ as to what *number* constitutes significant work in the national economy, here the Commissioner concedes that the ALJ erred in finding plaintiff could perform certain jobs. Accordingly, the Commissioner's position was not substantially justified on at least this basis in the underlying agency action.[2] As such, plaintiff is entitled to an award of reasonable fees.

The EAJA specifically provides for an award of "reasonable" attorney fees. 28 U.S.C. 2412(d)(2)(A). In determining reasonable attorney fees, the Court uses the "lodestar" method in which the number of hours reasonably expended on the litigation are multiplied by a reasonable hourly rate. Costa v. Comm'r of Soc. Sec. Admin., 690 F.3d 1132, 1135 (9th Cir. 2012) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)); see also Comm'r, I.N.S. v. Jean, 496 U.S. 154, 161 (1990) ("once a private litigant has met the multiple conditions for eligibility for EAJA fees, the district court's task of determining what fee is reasonable is essentially the same as that described in Hensley"). "'[E]xcessive, redundant, or otherwise unnecessary' hours should be excluded from a fee award, and charges that are not properly billable to a client are not properly billable to the government." Kirk v. Berryhill, 244 F.Supp.3d 1077, 1082 (E.D. Cal. 2017) (quoting Hensley, 461 U.S. at 434).

Plaintiff's counsel seeks $2,576.04 representing 11.9 hours of work at a rate ranging from $207.78 to $217.54 per hour. The Commissioner does not contest the hours expended nor the hourly rate charged by plaintiff's counsel. The Court finds that the time spent on the case by

---

[2] Although the Michael Wayne C. case involved a similar problem, the Court did not reach the issue of whether the ALJ erred with respect to all jobs identified as the Commissioner chose not to argue the point. See Michael Wayne C. v. Saul, 2021 WL 3408484, at *3 (D. Or. Aug. 4, 2021) (the Commissioner provides no rebuttal argument to plaintiff's argument that that he cannot perform two of the jobs identified and the Court declines to manufacture arguments for the Commissioner). Moreover, here, plaintiff asserts the number of jobs remaining is actually less than 7,000 and the Court has permitted the parties to address this issue on remand as well.

Page 4 – OPINION & ORDER

counsel and the hourly rate are both reasonable.[3] The Court awards plaintiff fees in the amount of $2,576.04.

## CONCLUSION

Plaintiff's petition for fees (ECF 22) as amended (ECF 27) is granted. Pursuant to the EAJA, 28 U.S.C. § 2412, it is hereby ordered that EAJA attorney's fees of $2,576.04 shall be awarded to plaintiff. If it is determined that plaintiff's EAJA fees are not subject to any offset allowed under the Department of the Treasury's Offset Program, as discussed in Astrue v. Ratliff, 130 S.Ct. 2521 (2010), then the check for EAJA fees shall be made payable to plaintiff's attorney in the amount noted above, or in an amount representing the remaining funds after any offset if applicable. Any check for EAJA fees shall be mailed to plaintiff's counsel or sent via electronic funds transfer at: NW Disability benefits, LLC dba Kerr Robichaux & Carroll (TID 85-3999428), P.O. Box 14490, Portland, OR 97293.

DATED this 28th day of March, 2022.

        /s/ Jolie A. Russo
        JOLIE A. RUSSO
        United States Magistrate Judge

---

[3] The requested rates are consistent with the "statutory maximum rates" under the EAJA. See, e.g., UNITED STATES COURTS FOR THE NINTH CIRCUIT, STATUTORY MAXIMUM RATES UNDER THE EQUAL ACCESS TO JUSTICE ACT. https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039.